[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12681
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00016-RV-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAVIER MENDEZ-PEREZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 5, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Javier Mendez-Perez appeals his sentence of 3 years' supervised release, after pleading guilty to one count of unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).[1]  On appeal, Mendez-Perez argues that the district court abused its discretion and procedurally erred by imposing a term of supervised release.  He contends that the district court "offered no explanation whatsoever" for the 3-year term of supervised release.  He argues that because his case is ordinary it should be governed by U.S.S.G. § 5D1.1(c) and that no need exists for the additional deterrent provided by supervised release.

We review the district court's imposition of supervised release for abuse of discretion.  *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  Where the defendant is an alien likely to be deported after imprisonment, the district court should not ordinarily impose a term of supervised release.  U.S.S.G. § 5D1.1(c).  According to the application notes to § 5D1.1, the need to afford adequate deterrence and to protect the public ordinarily is adequately served by a new prosecution.  U.S.S.G. § 5D1.1, comment. (n. 5).  However, the district court should consider imposing a term of supervised release where the court finds that it would "provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."  *Id.*

---

[1] Mendez-Perez also received a prison term of 27 months. That term is not appealed.

Mendez-Perez's three-year supervised release sentence is reasonable. Mendez-Perez's argument that the district court abused its discretion because it offered "no reason whatsoever" for imposing a three-year term of supervised release is without basis.  During the sentencing hearing, the court clearly considered Mendez-Perez's recidivism and the need to deter him from attempting to reenter the United States when imposing the supervised release sentence.  In light of Mendez-Perez's multiple illegal reentries into the United States,[2] the district court reasonably concluded that this was an unordinary case that required an extra measure of deterrence.  U.S.S.G. § 5D1.1, comment. (n. 5).  Mendez-Perez's sentence is, accordingly,

AFFIRMED.

---

[2]  According to the presentence investigation report, Mendez-Perez was first convicted of an immigration violation on March 28, 1998, in the Southern District of Texas.  He was sentenced to three-years unsupervised probation and deported to Mexico.  Between 2003 and 2011, he was arrested in by state law enforcement in Florida and Louisiana and deported to Mexico on at least three occasions, the last occurring on February 6, 2011.  Presentence Report at ¶ 12.